RICHARD ROE, casual ejector, and BENJ. L. COOK, tenant in possession, plaintiffs in error, vs. JOHN DOE, ex dem., THOMAS LONG and JOHN MALCOLM, defendants in error.

[1.] One going into possession of land, under a parol purchase, can only hold to the extent of his actual possession.

[2.] Notwithstanding the tenant may have had possession for seven years, yet if he disclaims having title, and declares he is only waiting to purchase of the true owner, when he can find him, the statute will not protect him against the rightful owner of the fee.

Ejectment, from Randolph county.    Tried before Judge
KIDDOO, at June adjourned Term, 1858.

Plaintiff introduced in evidence a grant from the State to
Thomas Long, for the lot of land in dispute, and a deed from
Long to himself.    He also read the depositions of two wit-
nesses, taken by commission, which it is not necessary to set
out.    He proved that defendant, Cook, was in possession at
the commencement of the action, and closed.

Defendant, amongst other things, proved that he went into
possession of the land in 1842, and had remained in posses-
sion ever since; had lived on it, cleared a portion of it, cul-
tivated it, cut timber; that he had about fifteen acres enclosed
and under fence; been under fence since the first of 1848.

After the close of the testimony, defendant's counsel
requested the Court to charge the jury, that if they believed
from the evidence that defendant purchased the land by pa-
rol contract, in 1842, and went into possession under said con-
tract, and had remained in quiet and peaceable possession for
more than seven years, using and claiming the land as his
own, then they should find for the defendant.    Which charge
the Court refused to give, and defendant excepted.

The Court then, amongst other things, charged the jury,
that defendant, to protect his title under the statute of limi-
tations, must either have a paper title, or have the land en-
closed, or the boundaries distinctly marked out; that a parol
contract of purchase of the whole lot would not be sufficient.

The Court further charged, that even if the defendant had
been living on the land, using and claiming it as his own,
since the year 1842, yet if, at any time during the seven years
upon which he relied for statutory title, he disclaimed title,
or said he would buy the land when the true owner came,
he could not be protected by the statute of limitations, even
for that portion which he had enclosed and in cultivation.
To which charges defendant excepted.

That portion of the above charge relating to a parol con-
tract of purchase, and disclaimers and admissions of defend-
ant, has reference to the testimony of certain witnesses ex-
amined by commission.

Douglass & Douglass; and E. H. Beall, for plaintiff in
error.

Perkins, *contra.*

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] The Court was right in refusing to give the first charge
as requested.   For conceding that possession, under a parol
purchase, may ripen into a statutory title, still the evidence
in this case would restrict it to the actual possession.   And
having no paper title, the defendant could not be protected
beyond his *possessio pedis.*

The Court, we hold, laid down the rule of law correctly,
in the first charge as given, and as applicable to the facts of
this case, namely: that the defendant, to protect his title un-
der the statute, must either have a paper title, or have the
land enclosed, or the boundaries distinctly marked out.   And
not a parol contract of the purchase of the whole lot.

[2.] It is true, the evidence showed that the disclaimer in this
case of having title, was made after the seven years had run.
But what of that?   We think it just as good to deprive the
defendant of his statutory defence, as if made within the sev-
en years.   And the defendant was not hurt by the assump-
tion on the part of the Court, that the disclaimer may have
been made within the seven years.   On the contrary, the ju-
ry examining the testimony and finding it was made after-
wards, may have thought that it was not sufficient to oust the
defendant of the benefit of his possession.   And so may his
Honor have supposed.   But we think differently.   Suppose
the maker of a note promise to pay after the six years have

run, will not this take it out of the statute? Surely. Why not a disclaimer of title to land, even after seven years possession?

Judgment affirmed.

McDonald J. absent.