Harrell vs. Culpepper.

LOVETT L. HARRELL, executor, plaintiff in error, vs. NANCY A. R. CULPEPPER, defendant in error.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case.)

1. The declarations of a person through whom the defendant traces his title to the land sued for, are inadmissible where the evidence fails to disclose his possession at the time, or whether the declarations were made before or after he parted with his title to the land, if indeed he ever had any title to it. (R.)

2. An indorsement on the back of a deed, made by the vendee, transferring the same to a third person, is not evidence of the transfer of title without proof of execution and delivery. (R.)

Complaint for land. Declarations. Deed. Evidence. Before Judge CLARK. Webster Superior Court. September Term, 1872.

Lovett L. Harrell, as executor of Levi Harrell, deceased, brought complaint against Nancy A. R. Culpepper, for a tract of land in the county of Webster, to-wit: lot number one hundred and forty-eight, in the eighteenth district, containing two hundred and two and one-half acres, and for the mesne profits of the same. The writ was filed in office on February 10th, 1871. The record does not disclose the defendant's plea.

Upon the trial the plaintiff introduced the following evidence, to-wit:

1st. Grant from the State to Moses Right, dated September 30th, 1828.

2d. Deed from Moses Right to Levi Harrell, dated in 1829.

3d. Letters testamentary to plaintiff upon the estate of Levi Harrell, deceased.

The defendant introduced testimony as follows:

1st. Deed from John Gibbs to J. F. Culpepper, dated June 3d, 1847.

2d. Deed from Moses Right to Thomas, dated October 5th, 1846.

3d. Deed from Thomas to James Mury, dated December 24th, 1854.

4th. Deed from James Mury to B. O. Hattox, dated December 25th, 1854.

5th. Deed from B. O. Hattox to Kemp, dated December 30th, 1854.

6th. Deed from Kemp to Joseph F. Culpepper, dated July 3d, 1860.

Mark Kemp Culpepper, sworn: Knew Joseph F. Culpepper in his lifetime; the defendant was his wife; has known the premises in dispute since 1843; knew when Culpepper's ownership of the lot commenced; thinks it was in the fall of 1847. He commenced clearing the lot in 1847; he said that he owned it; he lived on an adjoining lot; he built his house on it in three or four years; so far as witness knows, he exercised ownership on the place as long as he lived. He raised corn and cotton on it, built houses on it, and lived there during his life. He died during the war. There was another claim against the lot which was compromised. He lived on the lot from the fall of 1851 to his death. The defendant has been in possession ever since the death of her husband. She and her husband have been in possession since 1847. The defendant has seven or eight children, all of whom are minors except two. Witness does not know that she has ever administered upon her husband's estate.

L. B. Causey, sworn in rebuttal for the plaintiff: Culpepper was in possession the first time witness ever saw the settlement, in 1853 or 1854; he farmed on it as long as he lived and treated it as his own. The possession was continuous from the time witness knew it; the defendant has been in possession ever since her husband's death.

The Court charged the jury as follows: "Plaintiff claims by plat and grant from the State to Moses Right, issued in 1828, and deed from Moses Right in 1829 to Levi Harrell, the death of Harrell, and letters testamentary to his executor. This title is sufficient to entitle the plaintiff to a verdict unless the defendant shows a better title.

Harrell *vs.* Culpepper.

"The defendant says that she went into possession in 1847, under a deed from Gibbs to her husband; that her husband cleared land on the lot in 1847; that he built a house in three or four years thereafter on the lot and moved on it, and cleared and cultivated it until his death, and that she, as his widow, has remained in possession up to date. Suit was brought in 1870, (1871.) If the deceased husband, Culpepper, went into possession in 1847, under a deed from Gibbs to himself, in good faith, believing he had a good title, and held, claimed, occupied and cultivated the land during his life, and his widow has remained on the land ever since, then you should find for the defendant. The memorandum on the back of the deed of transfer of title to Kemp is not evidence of the transfer of the title without proof of the execution and delivery. You cannot consider it without some other proof of its execution and delivery. The widow can properly defend this suit, and if the title vested in her husband during his life, the law will protect her in the possession, and whether the title vested in her husband during his life or not, you can add her possession to that of her husband, in order to complete the title, if the evidence will justify you in so doing, her possession, in law, being that of her husband."

The jury returned a verdict for the defendant. Whereupon the plaintiff moved for a new trial upon the following grounds, to-wit:

1st. Because the Court erred in refusing to allow the witness, L. B. Causey, to testify that Benjamin Kemp admitted to him, that he, Kemp, never had any title to the land in dispute, plaintiff insisting that the deeds introduced by the defendant were all forgeries.

To this ground the Court attached the following note: "The Court excluded the offered testimony about Kemp's admitting he had no title, unless counsel would state that he expected to bring home notice to Culpepper. Counsel did not so state."

2d. Because the Court erred in his charge to the jury.

3d. Because the Court erred in refusing to charge the jury as requested, to-wit: "That the indorsement on the deed from

John Gibbs to Joseph F. Culpepper, dated June 3d, 1847, and which deed was claimed by the defendant to be color of title, might be considered by the jury in connection with other facts of the case, and the jury might give such weight to it as they thought proper, as an admission of said Culpepper," said indorsement bearing date December 3d, 1854, and in the following words: "I transfer the within deed to Benjamin Kemp." (Signed) J. F. Culpepper, and witnessed by R. F. Culpepper.

The Court attached the following note to this ground: "The indorsement was on the back of the deed, but was not put in evidence."

The new trial was refused, and the plaintiff excepted upon each of said grounds.

C. T. GOODE; N. A. SMITH, for plaintiff in error.

HAWKINS & GUERRY, for defendant.

WARNER, Chief Justice.

The plaintiff brought an action of ejectment against the defendant to recover the possession of a tract of land in the county of Webster. On the trial of the case, the jury found a verdict in favor of the defendant. A motion was made for a new trial, on the several grounds set forth in the record, which was overruled by the Court, and the plaintiff excepted. There was no error in rejecting the evidence of Causey, as to the declarations of Kemp, who was not shown to have been in possession of the land at the time, nor did it appear whether his declarations were made before or after he parted with his title to the land, if, indeed, he ever had any title to it. We find no error in the charge of the Court to the jury, or in refusing to charge as requested. The verdict was right, under the law and facts of the case, and the motion for a new trial was properly overruled.

Let the judgment of the Court below be affirmed.