LONG vs. THE GEORGIA LAND AND LUMBER CO.

A deed of which the place of execution did not appear, and in which there was no recital of delivery, and which was not recorded, and no proof of execution made, was properly held inadmissible. No preliminary proof being offered as to the deed coming from the proper custody, etc., it was not admissible as an ancient document, though it may have been more than thirty years old.

March 22, 1889.

Deeds. Ancient documents. Evidence. Before Judge KIBBEE. Telfair superior court. February term, 1888.

Reported in the decision.

MARTIN & SMITH, for plaintiff.

No appearance for defendant.

SIMMONS, Justice.

H. R. J. Long, as surviving executor of James Long, deceased, brought his action against the Georgia Land and Lumber Company for trespass upon lot of land 85, in Telfair county. Upon the trial, the plaintiff offered in evidence a deed from William and John Cleghorn to James Long, to the land in question, dated in 1810. The place of execution of this deed did not appear, and there was no recital of delivery therein. The introduction of the deed was objected to for these reasons. The objection was sustained by the court, and the defendant had a verdict; whereupon the plaintiff excepted, and the only ground of exception is, that the court erred in ruling out said deed.

We do not think the court erred in so doing. The deed was not recorded; therefore it was incumbent on the plaintiff to prove its execution. There was no offer on his part to do this. Hence the deed was inadmissi-

ble. It was argued here, however, that the court should have admitted it as an ancient deed, it being more than thirty years old. We have looked through this record, and do not find therein any intimation that the deed was offered as an ancient document. Even if it had been, the court did right to exclude it, unless the plaintiff had offered, preliminary proof as to its coming from the proper custody, etc. There was no proof of this sort offered and the court was right in excluding the deed.

Judgment affirmed.