RUSSELL SAGE v. ANDREW RUDNICK.[1]

February 2, 1897.

Nos. 10,237—(251).

**Appeal — Conclusiveness of Certificate — Adverse Possession — Acknowledgment of Title.**

The certificate of the trial court that the settled case contains all the evidence is not controlling, when the case itself shows the contrary. When the statute of limitation has run in favor of a disseisor, no subsequent acknowledgment of the former owner's title, except by deed sufficient to pass title to land, will devest the title acquired by adverse possession.

**Same—Evidence.**

But an acknowledgment by the disseisor of the record or paper title, as by accepting a lease from the owner of it, is in the nature of an admission that he had no title, and is competent evidence tending to prove that his possession was not adverse.

Appeal by plaintiff from an order of the district court for Swift county, Powers, J., denying a motion for a new trial. Reversed.

[1] Reported in 69 N. W. 1096.

*Owen Morris* and *Lyndon A. Smith*, for appellant.
*S. H. Hudson* and *T. F. Young*, for respondent.

MITCHELL, J. Ejectment. The plaintiff claimed under record title from the United States. The defendant claimed title by adverse possession.

In support of his claim plaintiff introduced in evidence (1) a certified copy of an approved list of lands granted to the state by the act of July 4, 1866,[2] to aid in the construction of the Hastings & Dakota Railroad; (2) a trust deed from the railroad company to the plaintiff; (3) a deed from the state to the plaintiff, as assignee in trust for the railroad company. The defendant makes the point that, while it appears that such documents were introduced in evidence, they are not made a part of the settled case, and therefore the record does not show that plaintiff established any title in himself. The point is not well taken. The record states that the certified list was offered "with special reference to the lands in this case," and the only objection made to it was that it was not properly certified. The deed from the state to plaintiff was received without objection, and the record states that it was a deed of the lands certified in the approved list previously introduced. The court charged the jury that the documents introduced by the plaintiff showed that he was the owner of the land unless the defendant had acquired title by adverse possession. To this instruction the defendant took no exception.

The assignments of error based on the alleged insufficiency of the evidence cannot be considered. While the judge certifies that the case contains all the evidence, yet the case itself shows that it does not. A certain plat or map of the land was introduced, which is not in the record. Much of the testimony of the witnesses as to the topography of the land, and the parts of it which defendant or his father broke up and put under cultivation at different times, was given with reference to this map, and is wholly unintelligible without it. Acker Post v. Carver, 23 Minn. 567; Larson v. Northern Pac. R. Co., 33 Minn. 20, 21 N. W. 836.

There is, however, one error presented by the record on account

[2] 14 U. S. St. 87.

of which a new trial must be granted. On February 20, 1894, the defendant accepted from plaintiff a lease of the premises for a term ending October 1 of the same year. The court at first admitted the lease in evidence, but afterwards withdrew it entirely from the consideration of the jury, on the ground that it was immaterial, for the reason that, if defendant had acquired title at all by adverse possession, he must have done so before this lease was made.

The court, doubtless, had in mind the proposition that, if the statute had already run, so as to toll plaintiff's title, and vest title in the defendant, no subsequent recognition of plaintiff's title, except by deed or other instrument sufficient to pass an estate or interest in land, would devest defendant's title. This is, doubtless, true. It is only a recognition of the owner's title while the occupant's rights are inchoate, and before the statute has run in his favor, that will break the continuity of an adverse possession. Wood, Lim. § 270; Sailor v. Hertzogg, 2 Pa. St. 182. There are a few authorities to the contrary, holding that an acknowledgment of the former owner's title after the statute has run has the same effect as an acknowledgment of a debt barred by statute. Cook v. Long, 27 Ga. 280; Long v. Young, 28 Ga. 130. But they fail to distinguish between a case where the statute merely bars the remedy, and a case where it extinguishes the right of property and vests title in the adverse holder.

But, while the acceptance of this lease would not devest defendant's title if he had already acquired it, yet it was in the nature of an admission that he had no title, and was competent and very material evidence tending to show that he was not holding adversely to the party from whom he accepted the lease. To establish title by prescription, it was just as necessary for defendant to prove that his possession was adverse,—that is, with intent to claim and hold the land as against the plaintiff,—as it was to prove that it was continuous and exclusive. His occupancy might have been merely with intent to wait for the owner to sell, or until he was able to buy. The admission involved in the acceptance of the lease was competent evidence as to the character of his possession, whether made before or after the time the statute would have run, had the possession been adverse. The court ought to have submitted it to the consideration of the jury under proper instructions. Baldwin v. Temple, 101 Cal. 396, 35 Pac. 1008. If the evidence had been conclusive that

the statute had run before this lease was accepted, the ruling of the court would not have been error; but the evidence was at least not conclusive upon either the fact of possession or the character of it, and the admission involved in the acceptance of the lease might have turned the scale.

Counsel have not raised or discussed the question whether the familiar doctrine that a tenant cannot dispute his landlord's title has any application to the case, inasmuch as the defendant was already in possession. Therefore we have not considered the question.

Order reversed.