## WILLIAMSON v. MOSLEY.

1. If A conveyed land to B by a deed, and the latter executed upon it a transfer purporting to convey the title back to A, and retained possession of the paper, and subsequently conveyed the land to C, this "transfer" was not admissible in evidence as an ancient document against one claiming under C, unless shown to have come from the possession of A, or some one claiming under him by virtue of the conveyance executed by him after the date of such transfer.
2. The evidence was sufficient to support the verdict.

Argued February 3,—Decided February 28, 1900.

Complaint for land. Before Judge Seabrook. Emanuel superior court. April term, 1899.

*Williams & Williams* and *Daley & Hall,* for plaintiff in error.
*George M. Warren* and *James K. Hines,* contra.

LEWIS, J. This was a complaint for land, brought by C. P. Mosley against Solomon Williamson in Emanuel superior court. To the petition the plaintiff attached an abstract of his title, which was as follows: (1) Deed from Ezekiel Clifton to David B. and George Smith. (2) Deed from D. B. & George Smith to Matthew Mosley. (3) Deed from Matthew Mosley to William Mosley, dated 5th day of April, 1862. (4) Deed from William Mosley to C. P. Mosley, dated 31st day of March, 1894. To this petition defendant answered, claiming that he owned the land, and denying any title whatever in the plaintiff. The jury returned a verdict for the plaintiff; whereupon defendant made a motion for a new trial, which was overruled, and on this ruling he assigns error in his bill of exceptions.

1. One ground of complaint alleged in the motion is, that the court erred in excluding from the evidence a written transfer entered on the deed from Matthew Mosley to William Mosley; this transfer being executed on November 9, 1866, and attested by two witnesses. It relinquished all right and title of William Mosley to the lands described in the deed, unto Matthew Mosley, in consideration of the sum of $200.00. The transfer was offered by defendant to show title out of William Mosley, under whom the plaintiff claimed, but objection to its admission was made on the ground it did not appear that the same was ever delivered, which objection was sustained by the court. It is insisted by counsel for plaintiff in error, that this

transfer showed title out of William Mosley, who was the grantor of plaintiff, C. P. Mosley, and that, being an ancient document over thirty years of age, it should have been admitted in evidence. There is no question made on its admissibility so far as proof of its execution is concerned; but the point is that there is no evidence whatever of its delivery. We think the objection well taken. It appears from the evidence that the deed came from the possession of William Mosley. There is no testimony whatever that Matthew Mosley, the transferee, ever held the transfer at all, or was' ever in possession of the land conveyed by it. Section 3610 of the Civil Code declares: "A deed more than thirty years old, having the appearance of genuineness on inspection, and coming from the proper custody, if possession has been consistent therewith, is admissible in evidence without proof of execution." In this case the transfer did not come from such custody as to show title out of the transferrer, or a delivery by him, and the possession of the premises after the execution of the transfer has been entirely inconsistent therewith. We think the section of the code cited controls the question. In *Long* v. *Georgia Land Co.,* 82 *Ga.* 628, it was decided: "No preliminary proof being offered as to the deed coming from the proper custody, etc., it was not admissible as an ancient document, though it may have been more than thirty years old." See also *Swicard* v. *Hooks,* 85 *Ga.* 580; *Maddox* v. *Gray,* 75 *Ga.* 452; *Harrell* v. *Culpepper,* 47 *Ga.* 635 (2); Civil Code, §3599.

2. The only other ground to consider in the motion is that the verdict is contrary to law and evidence. It appears from the brief of evidence in the record that the deed from Clifton to the Smiths, covering the land in dispute, was made in 1855. The Smiths went into possession and remained in possession until 1859, when they conveyed the land to Matthew Mosley, who took possession and held the same until he conveyed to William Mosley in 1862. William Mosley went to the war in 1862, and returned when the war ended in 1865, his family living on the land in the meantime. After his return, it seems that William Mosley was whipped by a mob, and that he went to Florida, where his wife joined him. In short, plaintiff's evidence

showed such a possession of the land by his predecessors in title under deeds a sufficient length of time to ripen into a perfect title. Defendant claimed the property under a deed from one Anthony Phillips, made in 1863. There was evidence to the effect that William Mosley's family was in possession of the property when Williamson obtained this deed. There is also evidence in the record tending to show that, after Mosley and family went to Florida, Williamson remained in possession of the land for seven years, or more, cultivating the same. Upon this point there is some conflict in the testimony. After the suit was brought, an admission of Williamson was shown, to the effect that he did not believe he could make out his prescriptive title by continuous possession for seven years; but he and his son swore positively on the trial that he had such possession, and claimed that it was in good faith. The evidence fails to show any title whatever in the parties under whom Williamson holds, or any possession of the premises by them. There is further testimony in the record, to the effect that Williamson abandoned the place in the year 1880; that no one had been living on or cultivating the place for the past few years, eight or ten; that prior to that time it was cultivated at times, and at others it was not, but that the defendant never did live on it. One witness testified that the land was in bad condition, and had been for ten or twelve years, and was entirely abandoned.

It is contended by counsel for plaintiff in error that the evidence showed he made good his prescriptive title to the property, and that therefore the verdict, finding for the plaintiff below the premises in dispute, was contrary to the evidence. The testimony shows that the family of William Mosley was in possession of the land at the time the defendant Williamson purchased the same, William Mosley being at that time in the army. Section 3931 of the Civil Code declares: "Possession of land is notice of whatever right or title the occupant has." In the light of the entire testimony, we can not say that the jury were not authorized to conclude that when the plaintiff in error purchased this land, it was not done in good faith, believing that he was acquiring a perfect title thereto, especially as it was adversely held by the family of the defendant in error's grantor,

and no title or possession in the grantor of plaintiff in error was shown. It matters not how long possession of the land is held under such color of title; if it originated in fraud, time can not remedy its defect. *Cowart* v. *Young, 74 Ga.* 694. The evidence was certainly sufficient to put the purchaser upon inquiry; and actual notice may be proved by the facts of the case from which it can be inferred. *Johnson* v. *Dooly, 72 Ga.* 297.

But, besides this, there was testimony to the effect that, for many years prior to the institution of this suit, the plaintiff in error had abandoned the land, and it was absolutely unoccupied. The house thereon had fallen down from decay. We think that such abandonment by a party could be legally construed into an admission of a better outstanding title. In *Vickery* v. *Benson, 26 Ga.* 582 (3), it was held: "Although one holds another's land adversely for seven years, under color of title and claim of right, yet if he then *abandons* the land he can not claim the benefit of the statute of limitations." Benning, J., delivering the opinion, on that point says: "It does not thence follow that in every case seven years adverse possession, under color of title and claim of right, gives a title to the occupant. He may, at or after the seven years, *abandon* the land. If he does so, the previous possession counts for nothing. The abandonment is an admission that there is a better outstanding title, and that the possession was, while it lasted, really in subordination to that title." See also *Denham* v. *Holeman, 26 Ga.* 191 (6, 7).

We therefore conclude that there was sufficient evidence to support the verdict for plaintiff, and the court below committed no error in denying the motion for a new trial.

*Judgment affirmed. All the Justices concurring.*