WILLIAM ROSS v. L. J. CALE.[1]

May 19, 1905.

Nos. 14,286—(67).

**Mortgagor Buying Tax Title.**

A mortgagor who has expressly covenanted to pay the taxes on mortgaged premises is not thereby prohibited from acquiring a tax title thereon, if the same does not affect interests or rights arising from or accruing under the mortgage, as shown by the facts in this case.

[1] Reported in 103 N. W. 561.

94 M.—33

Action in the district court for Stearns county to determine the adverse claim of defendant to land in possession of plaintiff. Plaintiff, the grantee of Robert Ross, the original owner, claimed title by adverse possession under a tax certificate subsequently issued and afterwards purchased by him. Defendant claimed title by virtue of a sale of the land under an execution issued upon a judgment against Robert Ross which was an existing lien at the time of the execution of the latter's deed to plaintiff. Prior to his conveyance to plaintiff, Robert Ross had given a mortgage upon the land to defendant, which mortgage contained a covenant to pay taxes. This mortgage was afterwards assigned by defendant to one Foster, and no claim of title was asserted thereunder. The case was tried before Searle, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*A. E. Bowe,* for appellant.

Possession of the mortgagor, or his grantee, is presumed to be subordinate to the mortgage, until it is shown by some act that such possession is inconsistent with the rights of the mortgagee. Lowry v. Tilleng, 31 Minn. 500; Maxwell v. Hartmann, 50 Wis. 660; Avery v. Judd, 21 Wis. 262; Seeley v. Manning, 37 Wis. 574, 581. A grantee succeeds to the estate, and occupies the position of his grantor. He takes subject to the incumbrance, and his title and possession are no more adverse to the mortgagee than was the title and possession of the mortgagor. 1 Cyc. 1070; Jones, Mort. § 1211; Choteau v. Riddle, 110 Mo. 366. Plaintiff did not and could not obtain, nor can he be heard to assert, any right, title or interest in, or to, the land by virtue of the tax certificate of 1884 for the taxes of 1883, purchased by him. Allison v. Armstrong, 28 Minn. 276; MacEwen v. Beard, 58 Minn. 176; Washington Loan & Trust Co. v. McKenzie, 64 Minn. 303; American Baptist Missionary Union v. Hastings, 67 Minn. 303; Norris v. Ile, 152 Ill. 190.

*Calhoun & Bennett,* for respondent.

Defendant not claiming any rights under the mortgage, is not in a position to question plaintiff's rights to acquire a tax title or his adverse possession. Assuming that plaintiff could acquire no rights un-

der his tax title or by adverse possession as against the mortgagee, defendant can take no advantage of this. Dean v. Goddard, 55 Minn. 290.

LOVELY, J.

Action to determine adverse claims to real estate, plaintiff being in possession. The court, as a finding of fact, determined that defendant had no right or interest in the property, and held, as a conclusion of law, that he was entitled to judgment to that effect. This appeal is from a motion denying a new trial.

Defendant criticises the action of the trial court in failing to find specifically upon the question of plaintiff's alleged adverse possession, which was litigated at the trial. There was no request for further instructions upon this issue, and, under the view adopted by this court, the title acquired by adverse possession is a title in fee simple, and is as perfect as a title by deed. Dean v. Goddard, 55 Minn. 290, 56 N. W. 1060; Sage v. Rudnick, 67 Minn. 362, 69 N. W. 1096. Hence the finding, if established by evidence tending to show open and hostile possession of the property in suit for the period prescribed by statute, is sufficient.

An examination of the record discloses that the defendant claims title through an execution sale on June 17, 1884, on a judgment docketed October 10, 1883, against Robert Ross, the original owner. There was no redemption, and whatever title defendant acquired and asserts is by reason thereof.

On September 24, 1883, Robert Ross mortgaged the land to defendant in this action to secure a note due in three months. The mortgage contained a covenant to pay taxes. In 1881 it appears from the evidence that the owner left the land. On November 16, 1883, he executed to plaintiff, William Ross, a warranty deed of the premises. The mortgage and note from Robert Ross to defendant was by the latter assigned and transferred to one O. C. Foster April 1, 1884. The taxes for 1883 were not paid, and in proceedings to collect the same the land was sold for taxes by the county auditor on September 15, 1884, and bid in by one W. B. Mitchell on the 26th of that month. It appears that the purchaser caused a notice of expiration of redemption to be served on the plaintiff on October 23, 1886. Plaintiff went upon

the land in 1887, and broke and cleared three or four acres. From time to time before suit he broke up more land, in all amounting to fourteen acres, which was cropped; there being rye on the place at the time of the trial. Immediately after plaintiff went upon the land he built a fence of posts and two barbed wires around it, but soon after removed it to take advantage of the herd law in force in that locality. Plaintiff allowed the land to be sold for taxes, and bid the same in each year from 1885 to the time of the suit excepting the year 1883. These sales, with the exception of the year 1883, were all redeemed by defendant on July 11, 1902. In 1886, before plaintiff's alleged adverse possession commenced, he purchased the outstanding tax certificate issued to Mitchell, which contained a specific description of the property in question. He relied upon this instrument at the trial to protect his title, since it described the land, and indicated the extent of his asserted adverse possession thereto.

The colorable title under the tax certificate applied to the entire tract, which, taken in connection with the land broken, cultivated, and cropped, characterizes the extent of the possession, and applies to the whole thereof. Barber v. Robinson, 82 Minn. 112, 84 N. W. 732.

But it is insisted that the plaintiff in this case was not authorized to set up the claim of adverse possession, for the reason that he was the grantee of Robert Ross, who had in 1883 mortgaged the property to defendant, and that the purchase of an outstanding tax title must be treated as the performance of a duty which he owed to the defendant, who was the mortgagee. Conceding that, if such privity of relationship existed between the mortgagor and his grantee to the mortgagee, it forbids the former from acquiring a hostile tax title to the latter, it is very clear that this is not the case at bar. Defendant, Cale, who took the mortgage from Robert Ross in 1883, sold and transferred the same to Foster in 1884, thus parting with all interest he had in the note and mortgage, and relied solely and explicitly upon the title that he obtained under the execution sale. What became of the mortgage to Foster does not appear, but from the time it was transferred to the latter there existed no privity of relationship between the defendant and Robert Ross, the mortgagor, and necessarily the plaintiff. From the time the plaintiff's adverse possession commenced, in 1887, the rights, duties, and obligations between the grantee of Robert Ross and the

defendant Cale had ended, and plaintiff could not be said to be debarred from acquiring adverse possession by deed from the state against an execution creditor. Hence the adverse possession of the entire tract rests upon sufficient evidence to sustain it.

It was suggested that the plaintiff, while in possession of the land, allowed the same to go to sale for taxes, and that his purchase of the title thereto was inconsistent with an asserted claim of ownership therein. We conceive that there is nothing in this proposition, since the owner of land under legislative sanction may purchase without prejudice to any interest of this character. G. S. 1894, § 1599.

The order appealed from is affirmed.