FRANCIS LEWIS, APPELLANT, v. HENRY N. BOLTE, RE-
SPONDENT.

Submitted July 2, 1914—Decided December 2, 1914.

Admissions inconsistent with ownership made by a party in the pos-
session of land, the legal title to which he claims to have ac-
quired by adverse possession, are competent evidence as to the
character of such possession, although made after the time the
statute would have run had such possession been adverse.

On appeal from the Circuit Court.

This is an action of ejectment brought to recover the pos-
session of a strip of land a few inches in width running back
the entire depth of the plaintiff's lot which adjoins the lot of
the defendant. The plaintiff had the paper title to this strip
of land which had for more than thirty years been in the pos-
session of the defendant. The question upon this appeal
arises upon the testimony that was given on behalf of the
plaintiff, that in the year 1894 the defendant, who had then
through himself and his predecessors been in possession of the
*locus* for more than twenty years, applied to the plaintiff for
permission to use the strip in question for the purposes of a
party wall. The plaintiff requested the court to charge:
"Even if the possession of the defendant has been for the
statutory period, the presumption of such being adverse or
hostile may be rebutted by proof of such having been permis-
sive." This request was not charged either in form or sub-
stance. On the contrary, the court told the jury that if the
defendant (or his predecessor) had maintained a structure on
the *locus* for more than twenty years, he would have acquired
a legal title by adverse possession "no matter what occurred
after the legal title vested in the defendant."

The failure to charge the plaintiff's request is argued on
this appeal as a ground for the reversal of the judgment ob-
tained by the defendant.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and MINTURN.

For the appellant, *Henry W. Lewis.*

For the respondent, *Endicott & Endicott.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff's request ought to have been charged; it was her right to have the jury so instructed in case they found that the defendant had applied to her for permission to occupy the *locus in quo.*

The instruction given to the jury that if the defendant had acquired a legal title by adverse possession it did not matter what happened after the legal title vested in the defendant was sound in itself, but it did not meet the question presented by the plaintiff's testimony and request, viz., whether the defendant's possession had been of such a character as to constitute an adverse possession.

This distinction, and the rule of law applicable thereto, are so clearly stated by the Supreme Judicial Court of Massachusetts, in the case of *Church* v. *Burghardt,* 25 *Mass.* 327, that I cannot do better than quote the pertinent language of the opinion: "It is urged that a complete possessory title was obtained up to the line of the old fence; and that all evidence of acts or declarations which took place afterward are irrelevant and inadmissible to prove the character of the previous possession. If the premises are well founded, the argument is sound and the conclusion logical. But the very question was as to the nature and character of that antecedent possession; and the acts and declarations of the parties owning the estates made after thirty years which had a tendency to show their motives and views during the thirty years were proper to show the nature of the occupancy and rebut the inference which would otherwise follow from the fact of possession." The same rule of law is illustrated by the case of *Sage* v. *Rudwick,* in the Supreme Court of Minnesota, 67 *Minn.* 362, in which a defendant who had been in possession for the statutory

period accepted a lease from the plaintiff. This testimony was excluded at the trial on the ground that if the defendant had acquired title by adverse possession, he must have done so before the lease was taken. In reversing the judgment because of this ruling, Mr. Justice Mitchell said: "While the acceptance of this lease would not devest defendant's title if he had already acquired it, yet it was in the nature of an admission that he had no title and was competent and very material evidence tending to show that he was not holding adversely to the party from whom he accepted the lease. * * * The admission involved in the acceptance of the lease was competent evidence as to the character of the possession, whether made before or after the time the statute would have run had the possession been adverse," citing *Baldwin* v. *Temple*, 101 *Cal.* 396, which was also a lease case.

Sage *v.* Rudwick is cited on the brief for the respondent, but upon the legal question involved in this appeal it is squarely against him.

In *Todd* v. *Webb*, 84 *Minn.* 4, it was held that the acts and conduct of a party occurring subsequent to the completion of the statutory period are proper evidence as bearing upon and as tending to characterize the prior possession and its purposes and intent, citing *Meier* v. *Meier*, 105 *Mo.* 411.

The rule is stated in 2 *Encycl. L. & P.* 394, as follows: "Though the claimant's declarations and admissions recognizing the title of the owner made after the bar of the statute will not defeat a title which he may have acquired by adverse possession, still such evidence is admissible to show that his possession was not hostile to the owner." Cases supporting this text are collected in a note; additional cases are also cited in 1 *Dec. Dig., "Adverse Possession* 85 (2)," under the text, "Admissions inconsistent with ownership made by one in possession of land after acquiring title by adverse possession do not constitute an estoppel, but may be considered on the question whether the possession was in fact adverse."

Further illustrations of this rule are to be found in the same system of digests under the key number, "*Adv. Pos.* 85 (2)."

The cases cited by counsel for the respondent are for the most part to the effect that a title once vested by adverse possession will not be devested by subsequent admissions, which is aside from the question. I have found but one case that holds to the contrary of the decisions I have cited, viz., *Batz* v. *Elrod,* 66 *Neb.* 735, in which the statement that such an admission comes too late is unsupported by any reasoning, and is made in apparent ignorance of the many well-reasoned cases to the contrary.

Upon the authority of the cases cited, and for the reasons therein stated, the failure of the trial court in the present case to charge the request preferred by the appellant was injurious error for which the judgment must be reversed with an award of a *venire de novo.*