## JENKINS *et al.* v. NATIONAL UNION.

1. It is not a ground for a new trial that the court, while giving a proper charge to the jury, did not also give in charge another principle of law which would have been appropriate.   *Roberts* v. *State*, 114 *Ga.* 450.
2. In an action upon a life-insurance policy, by the terms of which the insured agreed that no benefit whatever should be paid upon his death should he commit suicide within two years after the date of the policy, whether at the time of committing suicide he should be either sane or insane, and the evidence was sufficient to warrant a finding that, in less than the time mentioned after the date of the policy, the insured took his own life, it was not error for the court to charge the jury that if the insured "destroyed his life by shooting himself, and at the time he shot himself did it voluntarily and intended to kill himself, then it would be immaterial whether at the time he was sane or insane, or whether his mental faculties were so impaired as to destroy his moral responsibility, and the plaintiffs in this case could not recover."
3. There was no error in any of the charges complained of; the evidence authorized, if it did not demand, the verdict returned, and the motion for a new trial was properly overruled.

Argued July 15, — Decided August 14, 1903.

Action on insurance policy.    Before Judge Evans.    Washington superior court.    September 2, 1902.

*Daley & Bussey* and *Evans & Evans* for plaintiffs.
*Hardwick & Hyman,* for defendant.

CANDLER, J.    There is a clear distinction between this case and that of *Life Assn.* v. *Waller*, 57 *Ga.* 533, and the cases which it follows, relied on by counsel for the plaintiff in error.    In the *Waller* case, the policy provided that " if the insured shall die by suicide during the continuance of this policy, said Life Association will pay to the legal holder of this policy its net present value at the date of such death, as computed by the American Experience Table of Mortality, and four and one half per cent. interest."    The insured died by his own hand, while insane.    The court held, in effect, that self-destruction by an insane man was not " suicide" within the meaning of the code or of the contract of insurance.    No such question as to the meaning of the word " suicide " can arise in the present case.    In the admirable opinion of Judge Bleckley in the *Waller* case it is recognized that there is a diversity of meaning in the word under consideration, and it is said that " it is almost, if not quite, an allowable expression to say, that the suicide of A was not suicide."    We think it indubitable that when a contract of insurance provides that the policy shall be void in the event the insured shall commit suicide within a certain time, " whether at the time of committing suicide [the insured] shall be either sane or insane," the meaning is that, regardless of his sanity or insanity, the voluntary self-destruction of the insured within the time set out shall void the policy.    In this view of the case, the charge of the court on this subject was clearly correct.

Other than as herein set out, the headnotes need no elaboration.
                    *Judgment affirmed.    By five Justices.*