### RIDDLE *v.* SHEPPARD.

1. The possession which the Civil Code, § 3248, requires processioners to respect is a possession existing at the time the lines are marked.
2. There was evidence to authorize the judge to submit to the jury the question as to whether the protestant had not abandoned possession of the land in controversy before the institution by him of proceedings for the appointment of processioners.
3. An assignment of error, that a specified portion of a charge is erroneous because "misleading," without stating in what way it was calculated to mislead the jury, is too general to be considered.
4. Mere naked possession, with no intention of asserting ownership, is not such actual possession under a claim of right as is contemplated by the Civil Code, § 3248.
5. The evidence, though conflicting, was sufficient to authorize the verdict, and there was no error requiring the granting of a new trial.

Argued March 14, — Decided March 31, 1904.

Processioning. Before Judge Evans. **Washington** superior court. January 28, 1903.

*E. W. Jordan,* for plaintiff.
*Rawlings & Howard,* for defendant.

COBB, J. This was a case of processioning. Riddle, the applicant, being dissatisfied with the return of the processioners, filed a

protest as to the line marked between his land and that of Sheppard. The jury returned a verdict in favor of the line as marked by the processioners, and Riddle complains that the court erred in overruling his motion for a new trial. There was ample evidence to sustain the finding; and the discretion of the trial judge in overruling the motion for a new trial will not be interfered with, unless there was some error of law which was prejudicial to the rights of the losing party.

1. In one part of the charge the judge instructed the jury, that if Riddle, " at the time of the processioning, was in actual possession of any part " of the property in controversy, such possession should have been respected by the processioners, and a line run otherwise should be set aside; and in another part of the charge instructed the jury to determine "whether or not, at the time of the survey, Mr. Riddle was in actual possession of the land under a claim of right." The error assigned upon these charges is that in one the possession is limited to the time of the processioning, and in the other to the time of the survey; whereas actual possession prior to the institution of the proceeding for processioning should be respected, although such possession may have terminated before the institution of the proceeding. We do not think there was any error in these charges. The code declares: "Where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the lines so marked as not to interfere with such possession." Civil Code, § 3248. The possession referred to in this section is undoubtedly a possession existing at the time the line is marked by the processioners. This is clearly inferable from the concluding words of the section, — " and the lines so marked as not to interfere with such possession;" that is, not to interfere with the possession which the processioners and the surveyor find existing at the time the line is marked. The processioners are not required to investigate into any question growing out of a claim of possession prior to the time the lines are to be marked, but they are to respect the possession as they find it at that time. See, in this connection, *Bowen* v. *Jackson*, 101 *Ga.* 817; *Amoss* v. *Parker*, 88 *Ga.* 754.

2. Complaint is made that the court erred in submitting to the jury the question as to whether Riddle had not abandoned possession of the land in controversy. There was sufficient evidence to

authorize this issue to be submitted.    It appeared that the land
of an estate had been divided by partitioners; that Riddle ac-
quired a portion of the land as an heir of the deceased ; and that
Sheppard acquired another portion, adjoining the lot of Riddle, by
purchase from one of the heirs.    It seems to have been agreed be-
tween Riddle and Sheppard that the true line between them was
a line which had been drawn by Clark, a surveyor, and was
known as the Clark line; that Riddle had placed his fence upon
what he claimed was the Clark line, and had maintained it there
for seven years or more; that Sheppard claimed that the fence
was not upon the Clark line, and that Riddle was in possession of
a portion of Sheppard's land.    This controversy resulted in an
application by Sheppard for the appointment of processioners.
When Riddle was notified of this application, and before any ac-
tion was taken on the same, he moved the fence from the line on
which it had been maintained back to what was claimed by Shep-
pard to be the Clark line.    When this was done, Sheppard dis-
missed his application for the appointment of processioners.    We
think this evidence was sufficient to show, prima facie, an aban-
donment of the land in controversy.    Riddle's explanation of his
conduct, that he did not intend to abandon the possession, but
merely to move his fence in order to save the rails in the event
the controversy in regard to the line was decided against him, and
that he had continued to cultivate the land after the fence was
moved back, was for the consideration of the jury, in connection
with the other evidence, in determining whether there had been
such an abandonment of the possession, prior to the time that the
lines were marked by the processioners, as to require them to treat
the land as being no longer in the actual possession of Riddle.

3–5. Error is assigned upon the following charge:    " If Mr.
Riddle, at the time of the processioning, was in possession of said
land, with no intention of asserting his occupancy beyond the
limits of the survey made in the partition of the Seney Ann Rid-
dle land, such possession would not interfere with the procession-
ers remarking the lines made by the partitioners in that division."
Error is assigned upon this charge, on the ground that it is "mis-
leading" and misstates the law.    As the assignment does not
state in what way the charge is misleading, that part of it is too
general to be considered.    The only question, therefore, to be de-

termined is whether the charge complained of contains a proposition of law which is sound in the abstract; the assignment of error containing no suggestion that the charge is inapplicable to the facts of the case.    Properly construed, this charge states simply that if Mr. Riddle was in possession of the land in controversy, with no intention on his part to set up this possession as evidence of ownership, the possession was not of that character which the processioners were required to recognize in marking the lines. When so construed, we think it embodies a correct and sound proposition of law.    The possession that the processioners are required to recognize is a possession under a claim of right; and a possession by one who has no intention whatever of making a claim of ownership resulting from such possession is not a possession under a claim of right.   It is not actual possession alone that the processioners are bound to respect, but it is actual possession accompanied with a claim of ownership; and when it appears to them that one having a mere naked possession is not asserting ownership; the possession is not of that character which the law requires them to respect in marking the lines.   Nothing here said is in conflict with the ruling in *Christian* v. *Weaver*, 79 *Ga.* 406. In that case the coterminous proprietors agreed that one should hold up to a certain boundary, and that holding continued for more than seven years under a claim of right.   The case was not dealing with permissive possession under the law of prescription, but the permission referred to was the permission or consent involved in the agreement which the coterminous proprietors entered into, by which one was permitted to hold up to a certain boundary.

It is not necessary, under our view of the case, to discuss the question as to what would be the effect of a possession under a claim of right, but under a mistake of fact as to the location of the true line.   Whether such possession would be adverse possession is a question upon which there is a decided difference of opinion among courts of respectable standing.   See Buswell on Limitations and Adverse Possession, § 250; Preble *v.* Central R. Co., 85 Me. 260, 21 L. R. A. 829, and notes; Tiffany's Mod. Law of Real Prop. § 443, p. 1014.   Our own decisions do not seem to be in accord with each other on this question.   There are decisions which appear to hold that possession under a mistake of

fact as to the identity of the land or the location of the boundary is not such adverse possession as will, after seven years, ripen into a prescriptive title, where the claim of prescription is set up under color.    See *Riley* v. *Griffin*, 16 *Ga.* 141; *Keel* v. *Pace*, 20 *Ga.* 190; *Howard* v. *Reedy*, 29 *Ga.* 152.    In *Shiels* v. *Roberts*, 64 *Ga.* 370, there was a distinct ruling that possession under a mistake of fact as to the true boundary was such an adverse possession as would, in twenty years, ripen into a title.

We find no reason for reversing the judgment.

> *Judgment affirmed.    All the Justices concur.*