## KNOWLES *et al.* v. STEGALL.

Where a tenant brought trover for a portion of a crop made by him and levied on under execution against him in favor of his landlord, issued upon proceedings to foreclose a landlord's lien for supplies furnished to make the crop, which, after the levy, was sold at private sale by the landlord, it was erroneous to give in charge to the jury an instruction which could be fairly

construed to mean that the failure of the tenant to file a counter-affidavit in the foreclosure proceedings would prevent a recovery by him in the trover suit.

Submitted May 24, — Decided June 10, 1904.

Trover.    Before Judge Foute.    City court of Cartersville. October 26, 1903.

*James B. Conyers,* for plaintiffs.

*G. H. Aubrey* and *T. C. Milner,* for defendant.

FISH, P. J.    Knowles and wife brought trover against Stegall for certain corn.    There was a verdict for defendant.    Plaintiffs moved for a new trial, which was refused, and they excepted. On the trial it appeared that the corn had been levied on under an execution issued upon proceedings brought by Stegall against Knowles, to foreclose a lien which the former claimed, as landlord, for supplies furnished to the latter, as his tenant, to make the crop of which the corn was a part.    After the levy, Stegall sold the corn at private sale, and the case turned largely upon his right to so dispose of it.    He contended that he had express authority from Knowles to do so.    Knowles denied this, and he and his wife contended that the corn was not subject to the execution. In the motion for a new trial, complaint was made, in general terms, of several excerpts from the charge of the court to the jury. These instructions, with one exception, we think, state correct abstract principles of law; so they require no further consideration. *Anderson* v. *Southern Railway Co.,* 107 *Ga.* 500.    The court charged the jury as follows :    " I charge you further, that where a lien fi. fa. such as the one in evidence here is levied upon property of the defendant in fi. fa., that a counter-affidavit is the proper remedy for the defendant.    You look to the evidence and see if any counter-affidavit was filed by the defendant in this case." . While the assignment of error upon this charge was general, we think it meritorious, as the charge was not a correct or accurate statement of the law, and an examination of the record discloses that the complaining parties were injured thereby.    *Anderson* v. *Southern Railway Co.,* supra.    The jury might well have understood from this charge that the only proper remedy Knowles had, when his crop was levied on, was to file a counter-affidavit, and if he had failed to do this, he and his wife could not recover in trover, though the corn sued for had been il-

legally seized under the execution and subsequently sold by Stegall without authority. It did not appear that a counter-affidavit had been filed. A new trial should have been granted.

*Judgment reversed. All the Justices concur.*