2799. WEBB v. THE STATE.

1. Where the court instructs the jury that they are judges of the facts, they need not be instructed in the same connection that they are also judges of the ·law, if in the general charge as a whole they are correctly instructed as to the law.

2. The omission to insert in the section defining voluntary manslaughter the statement that the jury shall in all cases be the judges of "cooling time" is immaterial, where the jury are correctly instructed upon the subject of voluntary manslaughter as involved under the particular facts of the case under investigation, and do in fact find the defendant guilty of that offense. The purpose of the act of 1899 was to leave to the jury, instead ·of to the court, the determination of what was sufficient time for passion to cool, and the law is directed entirely to the end of having what is "cooling time" in any case submitted to the jury; and in a case where the matter is submitted to the jury the mere fact that the statute is not repeated to them affords no ground for complaint.

3. The court did not err in charging the jury upon voluntary manslaughter. While there was evidence which would have authorized a conviction of murder, the evidence as to mutual intent to fight, and that the killing was a result of a sudden heat of passion, was ample to authorize the verdict rendered by the jury.

4. Exceptions which merely assign error, without specifically pointing out the error complained of, can not be considered.

5. To say to the jury (in charging upon the subject of defendant's statement), "no penalty attaches for the making of a false statement; it goes to you for your consideration, and you can give to it such weight and credit as you deem it is entitled to; you can act upon it and acquit the defendant even in preference to the sworn testimony, if you desire

to do so, or you may set the statement aside and look to the sworn testimony in your search for the truth;" "give to the statement of the defendant, as before said, such weight and credit as you deem it is entitled to," is not erroneous for the reason that it is not in the exact language of the statute, nor for the reason that it intimates any opinion, as claimed, that the sworn testimony is superior or equal in weight to the statement of the defendant.

DECIDED NOVEMBER 29, 1910.

Conviction of manslaughter; from Johnson superior court—Judge Rawlings. June 11, 1910.

*William Faircloth,* for plaintiff in error:

*Alfred Herrington, solicitor-general, Hines & Jordan,* contra.

·RUSSELL, J. The defendant was tried in the superior court of Johnson county. for the offense of murder, and convicted of voluntary manslaughter. He ·excepts to the judgment overruling his motion for new trial. The various exceptions presented by the several·grounds of the motion for new·trial are so fully referred to in the headnotes that an elaboration of these points in a lengthy opinion would serve no useful purpose. In regard to the three general grounds of the motion for new trial it need only be said that the evidence fully authorized the conviction of the defendant. In considering whether the jury should be charged upon the subject of voluntary manslaughter, however, we find· that there is ample evidence to support the view that the killing was the result of a sudden heat of passion, and that the jury found that the interval of time was .too short for this passion to have cooled.

1. In the motion for a new trial error is assigned because the judge instructed the jury that they were the judges of the facts, without instructing them in the same connection that they were also judges of the law. There is no merit in this exception, for, under rulings of the Supreme Court too numerous to be cited, juries are judges of· the law only in a qualified sense and to a limited extent. They are judges of such law only as the trial judge may give them in charge as· applicable to the particular case on trial. Where a judge instructs the jury that they are the judges of the facts, and interferes in no sense in their prerogative in this regard, and correctly instructs them as to the law, the defendant can not complain.

2. In the present case the judge read to the jury sections 64 and 65 of the Penal Code of 1895, but omitted to include in section

65 the amendment passed by the General Assembly in 1899 (Acts of 1899, p. 41), by which juries were made the judges of the interval of time, usually denominated as "cooling time," between the provocation supposed to arouse irresistible passion and the infliction of the mortal wound. The act in question was not passed especially for the purpose of being read to the jury, but to take away from the judges the right which theretofore had been accorded them of determining, as a matter of law, what interval was sufficient for the impulses of passion to subside.

3. As we have already remarked, there was evidence which authorized the charge of the court upon the subject of voluntary manslaughter. Not only did the evidence tend to show that the whole difficulty was the result of a sudden impulse of passion, arising from a dispute between two brothers-in-law over a division of a crop, but the testimony of the defendant himself tended to show that the deceased had brass knucks, while he had a pistol, and that both parties were eagerly anxious to engage in the fight. If the defendant shot the deceased after he had ceased to fight, and because the deceased had shortly before struck him with brass knucks, the killing would be voluntary manslaughter, if the defendant's shot was influenced only by the heat of ungovernable passion. If in resentment of the blow already given, and if the jury considered the interval sufficient for the passion to have cooled, the killing would have been murder. That the jury took the view which was more merciful to the defendant, and attributed the shot to the impulse of irresistible passion rather than to malice, certainly affords the plaintiff in error no ground for complaint.

4. The seventh ground of the amended motion complains that the court erred in giving in charge section 73 of the Penal Code of 1895, in that he confused that section with the law of justifiable homicide. This exception presents nothing for consideration, because the specific error, if any, is not pointed out, and it is not apparent how the court confused the jury by reading the section, or how he confused "said section with the law of justifiable homicide."

5, 6, 7. All of the other exceptions are sufficiently dealt with in the headnotes. The trial seems to have been free from error, and the plaintiff in error can not complain that the jury preferred that view of the testimony which authorized a conviction of vol-

untary manslaughter, rather than other testimony, which would have authorized a finding for murder.

*Judgment affirmed.*