## 9389. WORLEY v. THE STATE.

BROYLES, P. J. 1. Statutory provisions respecting the drawing of juries are directory merely; and irregularities therein, unless plainly operating to the prejudice of the challenger, form no ground for challenge to the array. *Rafe* v. *State*, 20 *Ga.* 60; *Woolfolk* v. *State*, 85 *Ga.* 69, 88 (11 S. E. 814); *Governor* v. *State*, 5 *Ga. App.* 357 (63 S. E. 241); 1 Thompson on Trials, § 34, p. 32.

(a) The above ruling is not contrary to the decision in *Cochran* v. *State*, 62 *Ga.* 731; for there a new trial was given solely because the *mandatory* requirement of the statute, *as to the putting of the array upon the defendant*, was not complied with.

2. While the drawing of juries for an adjourned term of a superior court is usually done under the provisions of section 796 of the Penal Code of 1910, yet where these provisions are not complied with, and the adjourned term convenes, without any order having been given for the attendance thereon of the juries drawn for the regular term, and without any new juries having been drawn therefor at the regular term, the judge has authority, under the provisions of section 875 of the Penal Code of 1910, at the adjourned term itself, to draw such juries as may be necessary, and cause them to be summoned.

3. Under the particular facts of this case, as disclosed by the record, the court did not err in overruling all of the challenges to the array.

4. Exception is taken to the following excerpt from the charge of the court: "Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder, nor to reduce the crime from murder to voluntary manslaughter, unless all the circumstances in the case, taken in connection with all the acts of the deceased, you believe they are sufficient to excite the fears of a reasonable man." This charge was not erroneous for any of the reasons assigned. It was a more favorable charge than the defendant, under the law, was entitled to. *Deal* v. *State*, 145 *Ga.* 33 (88 S. E. 373), s. c. 18 *Ga. App.* 70 (7) (88 S. E. 902).

5. No material error appears in any of the other excerpts from the charge excepted to, when they are considered in the light of the charge as a whole and the facts of the case. The charge was a full and fair presentation of the issues and the law of the case, and no errors prejudicial to the accused appear therein.

6. When the facts of the case and the entire charge are considered, the court did not err in omitting to charge the contentions of the defendant, as set forth in the last two grounds of the amendment to the motion for a new trial, no timely written requests for such instructions having been presented.

7. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED MARCH 6, 1918.

Indictment for murder; conviction of manslaughter; from Elbert superior court—Judge W. L. Hodges. November 24, 1917.

*Thomas J. Brown, Worley & Nall,* for plaintiff in error.

*A. S. Skelton, solicitor-general, Sam. L. Olive,* contra.