### 14290.   VAN DYKE *v.* VAN DYKE.

BELL, J.   1. "Assignments of error upon the admission of evidence, in order to avail the plaintiff in error here, must show, not only in what respects the evidence admitted was objectionable, but that this objection was urged at the time of the admission of the evidence." *Henslee* v. *Harper,* 148 *Ga.* 621 (1) (97 S. E. 667). Under this ruling, none of the assignments in the petition for certiorari upon the admission of evidence can be considered.

2. "In the absence of an appropriate request it is not error for the trial judge to omit specific reference to particular points or phases of the evidence confirmatory of the contentions of either of the parties. Before the judge is required to direct the attention of the jury to a fact which a party may deem to be material, though only collaterally involved, a ruling upon its materiality must be invoked." *Bishop* v. *Georgia National Bank,* 13 *Ga. App.* 38 (4) (78 S. E. 947); *Branch* v. *Bishop,* 135 *Ga.* 110 (2) (68 S. E. 1021). "The failure to give instructions to the jury not demanded by the evidence will, in the absence of a written request to so charge, in no event be cause for a new trial." *Cooper* v. *Nisbet,* 119 *Ga.* 752 (3) (47 S. E. 173). Under this rule, there was no error in the failure of the court to charge certain principles not requested.

3. "This court cannot consider exceptions to the refusal of the trial judge to comply with written requests to charge, unless it is made to appear that they were tendered to the court before the jury retired to consider the case. *Shirley* v. *State,* 5 *Ga. App.* 611 (63 S. E. 583). In this case it is not disclosed that the written requests to charge were so tendered." *Seaboard Air-Line Railway* v. *Barrow,* 18 *Ga. App.* 261 (4) (89 S. E. 383); *Southern Railway Co.* v. *Williams,* 19 *Ga. App.* 544 (5) (91 S. E. 1001).

4. An assignment that "the court erred in charging without qualification" a designated excerpt, but not specifying in what respect the instruction should have been qualified, is not sufficient to present any question for decision. *Early* v. *State,* 14 *Ga. App.* 467 (5) (81 S. E. 385); *Riddle* v. *Sheppard,* 119 *Ga.* 930 (3) (47 S. E. 201); *Webb* v. *State,* 8 *Ga. App.* 430 (4) (69 S. E. 601); *Tarver* v. *Deppen,* 132 *Ga.* 798 (4) (65 S. E. 177, 24 L. R. A. (N. S.) 1161). The criticism upon the charge is limited to the complaint that it was not in some way qualified by other or additional instructions, without stating what qualification the complaining party deems to have been necessary. The assignment therefore does not fall within the rule that a general assignment of error upon a designated charge will be sufficient to raise the question of its abstract correctness, and will require a reversal if the charge was not a correct

statement of the law and it appears from the record to have been prejudicial to the complaining party. *Anderson* v. *Southern Railway Co.*, 107 *Ga.* 500 (4) (33 S. E. 644); *Knowles* v. *Stegall*, 120 *Ga.* 451 (47 S. E. 902). Under the assignment as made, this court cannot undertake to determine either the abstract correctness of the excerpt complained of or its applicability to the particular facts of this case.

(a) Under the principle that all pleadings must be given a construction according to their reasonable intendment, the employment of the phrase "without qualification" manifests that it was not the intention of the pleader merely to assign generally that the excerpt was error, so as to test its abstract correctness,—a thing to have been done more naturally and easily, besides with more clearness, without using the quoted expression.

5. None of the assignments are sufficient to include an attack upon the verdict for defects of form, and the objections to its formulation as contained in the brief are unavailing.

6. There was no error in overruling the certiorari.

   *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

   Decided October 11, 1923.

Certiorari; from Fulton superior court—Judge Humphries. November 8, 1922.

*E. Smythe Gambrell, Underwood, Pomeroy & Haas,* for plaintiff in error. *Bryan & Middlebrooks,* contra.