### 14533. WADE *v.* EASON.

BELL, J. 1. A ground of a motion for a new trial must be complete in itself. *Daniel* v. *Schwarzweiss*, 144 *Ga.* 81 (1) (86 S. E. 239). An assignment that the court "erred in failing to clearly and distinctly state to the jury the issues raised by the affidavit of illegality to the

executions issued upon the foreclosure of the two mortgages in question, in order that they might understand what the issues were and thus be guided in finding a verdict in accordance with the facts of the case," without specifying what issues are referred to, is too general to raise any question for decision. The same is also true of an assignment that a given charge is argumentative, or that it is misleading and confusing to the jury, or that it left the jury without a proper guide in determining issues raised by the pleadings (here an affidavit of illegality), when it is not pointed out wherein the charge was argumentative, misleading, confusing, or otherwise insufficient as assigned. *Tarver* v. *Deppen,* 132 *Ga.* 798 (4) (65 S. E. 177, 24 L. R. A. (N. S.) 1161); *Seaboard Air-Line Railway* v. *Randolph,* 136 *Ga.* 505 (5) (71 S. E. 887); *Riddle* v. *Sheppard,* 119 *Ga.* 930 (3) (47 S. E. 201); *Webb* v. *State,* 8 *Ga. App.* 430 (4), 432 (69 S. E. 601).

2. In the absence of a written request, it is not reversible error for the court to omit to instruct the jury as to the burden of proof in a civil case. *A fortiori,* it is not error to fail to explain what is meant by burden of proof (*Hickman* v. *Bell,* 10 *Ga. App.* 319 (2), 73 S. E. 596; *Southern Railway Co.* v. *Wright,* 6 *Ga. App.* 172 (7), 64 S. E. 703; *Whittle* v. *Central of Georgia Railway Co.,* 11 *Ga. App.* 257 (1), 74 S. E. 1100); nor, in the absence of such request, will the failure to charge on the subject of the preponderance of evidence require a new trial. *Askew* v. *Amos,* 147 *Ga.* 613 (5) (95 S. E. 5).

3. The "portions of the charge complained of were adapted to one phase of the case as presented under the testimony," and were not subject to the assignments made. "If other theories of the case . . made by the evidence . . were not covered by the charge, this should have been excepted to on that ground." *James* v. *Hamil,* 140 *Ga.* 163 (3) (78 S. E. 721). There was no request to charge and no assignment upon any omission to give any particular charge. A correct instruction applicable to one phase of a case as presented by the evidence was not erroneous because the court did not charge the jury upon some other pertinent legal principle in connection therewith. *Jenkins* v. *National Union,* 118 *Ga.* 587 (1) (45 S. E. 449); *Tucker* v. *Central of Georgia Railway Co.,* 122 *Ga.* 387 (5) (50 S. E. 128).

4. Applying the above rulings, there was no merit in any of the special grounds of the amended motion for a new trial. There is no general insistence upon, or even reference to, the general grounds of the motion, and the court did not err in overruling it for any reason urged.

         *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

         DECIDED NOVEMBER 27, 1923.

Mortgage foreclosure; from city court of Waynesboro—Judge W. H. Davis. February 22, 1923.

*Pierce Brothers, Evans Heath, M. C. Barwick,* for plaintiff in error.

*W. H. Fleming, F. S. Burney, Phillips & Abbot,* contra.