## 16150. MAY *v.* YEARTY.

The ground of the motion for a new trial which complains of the exclusion of certain testimony is not complete and understandable in itself, and therefore is not in proper form for consideration. Moreover, testimony to the same effect and in nearly identical language was admitted.

In view of the charge given by the court, and of the failure to request a more specific charge on the subject, there is no merit in the ground of the motion for a new trial that the court erred in failing to charge the jury "the principle of law stated in section 4419 of Park's Code of Georgia, to the effect that a fraud may be committed by acts as well as words; that one who silently stands by and permits another to purchase his property without disclosing his title thereto is guilty of such fraud as estops him from subsequently setting up such title against a purchaser."

There is evidence to support the verdict.

DECIDED MAY 14, 1925.

Trover; from Colquitt superior court—Judge W. E. Thomas. November 25, 1924.

*J. L. Dowling,* for plaintiff in error.

BLOODWORTH, J. 1. The first special ground of the motion for

a new trial, which complains that certain evidence of Will Jenkins was ruled out, does not require the grant of a new trial. It is well settled in this State that a ground of a motion for a new trial must be complete and understandable within itself and without reference to other parts of the record. Judging this ground by this rule, we would not be required to consider it. In it Gus Yearty and "his sister" are referred to. Who are these parties, and what connection, if any, have they with the case? To ascertain this, reference would have to be made to the brief of evidence; and this is not required of the court. Moreover, an examination of the brief of evidence reveals the fact that most of the evidence quoted in this ground went to the jury; and as to the remainder, the defendant himself swore to the same fact in almost the same language used by Jenkins. *Southern Ry. Co.* v. *Ward,* 131 *Ga.* 21 (4) (61 S. E. 913); *Rozier* v. *State,* 156 *Ga.* 176 (1), 177 (1) (119 S. E. 309).

2. The defendant testified that when he bought from Mrs. Gus Yearty the mule for which this suit was brought, the plaintiff "was present and took part in the trade." The plaintiff and Mrs. Yearty denied this. In an amendment to his motion for a new trial the plaintiff insists that the court erred in failing to charge the jury "the principle of law stated in section 4419 of Park's Code of Georgia, to the effect that a fraud may be committed by acts as well as words; that one who silently stands by and permits another to purchase his property without disclosing his title thereto is guilty of such fraud as estops him from subsequently setting up such title against a purchaser." The charge of the court covered the substantial issues in the case, and the jury was specifically instructed, "If you find that the property was hers [plaintiff's], and find that Mr. May bought it in a trade in which she participated, and for value received he purchased the property, and he did purchase it pursuant to an arrangement in which she was a party and agreeing thereto, then she can not recover." If a more specific charge was desired on this issue, a request therefor should have been made as required by section 6084 of the Civil Code of 1910. See *Reed* v. *State,* 32 *Ga. App.* 769 (124 S. E. 735), and *VanDyke* v. *VanDyke,* 31 *Ga. App.* 67 (2) (119 S. E. 436).

3. There is evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*