16457. FORTH *v.* THE STATE.

Although there was irregularity on the part of the judge in drawing the names of jurors from the box, the irregularity did not occur until after the drawing of the names of the twenty-four from whom the jury that tried this case were selected, and could not have harmed the defendant.
The evidence authorized the verdict, and there was no error that required a new trial.

DECIDED JULY 14, 1925.

Accusation of sale of liquor; from city court of Claxton—Judge Burroughs. April 15, 1925.

*P. M. Anderson,* for plaintiff in error.

*S. T. Brewton, solicitor,* contra.

BLOODWORTH, J. 1. A ground of the motion for a new trial is based upon alleged irregularities in the drawing of the jury for the term at which the accused was tried, of which neither the defendant nor his counsel knew until after conviction. The record shows that thirty-six jurors were drawn from the box, that, after twenty-eight had been regularly and legally drawn, the judge, in

order that jurors might be obtained who were qualified to try certain cases of long standing on the docket, drew the remaining eight jurors with reference to these cases, and when a juror's name was taken from the box, if it was the same name as that of either party in any of these old cases, the judge would drop it back in the box. This was irregular, and in that practice the judges should not indulge. The record further shows that on the list of twenty-four from which the jury in this case was stricken, there was not on the list a single name of the eight drawn from the box by the judge, but the list was made from the twenty-eight names first drawn and one talesman summoned to take the place of a juror excused for cause, who was one of the twenty-four first drawn. It thus appears that there was no irregularity as to the first twenty-four jurors on the list from which the twelve who tried the case were selected. There is no claim that a single person who served on the jury was not a qualified juror. "There is no intimation in any part of this record that the jury in this case was not as fair and impartial as any jury that could have been obtained by the most exact and literal compliance with the statute." *Governor* v. *State,* 5 *Ga. App.* 363 (63 S. E. 241). See *Worley* v. *State,* 21 *Ga. App.* 787 (95 S. E. 364). This ground of the motion for a new trial shows no reason why the judgment should be reversed.

2. It is not part of the duty of this court to settle disputed questions of fact. Where there is conflict in the evidence, the trial judge has a wide discretion as to granting or refusing new trials, but where the jury has passed upon the facts, and their verdict is approved by the judge who tried the case, and no error of law has been committed, this court is powerless to interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*