### 18694. REEVES v. THE STATE.

DECIDED APRIL 10, 1928. REHEARING DENIED MAY 15, 1928.

*H. A. Allen, Jesse B. Simmons*, for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson*, contra.

BROYLES, C. J. The indictment in this case charged "James Reeves, A. F. Reeves and Mrs. A. F. Reeves with the offense of misdemeanor, for that said accused, in the county of Fulton and State of Georgia, on the 13 day of March, 1927, with force and arms, did drive and operate an automobile along and upon Central Ave. (Hapeville), a public street and highway, James Reeves, the actual driver and operator thereof, being a boy under the age of sixteen years, and *accused J. A. Reeves and Mrs. J. A. Reeves* (italics ours) did counsel, aid, instruct, command, and procure James Reeves to commit the said act of operating said automobile as aforesaid, knowing that James Reeves was under the age of 16 years as aforesaid,

Mrs. Reeves being present at the commission of said offense, and J. A. Reeves not being present at the commission of said offense."

The indictment was not demurred to. Mrs. A. F. Reeves was placed on trial and was convicted. In her motion for a new trial she attempts to raise a question as to the legal sufficiency of the indictment. It is well settled that such a question can not be properly raised in a motion for a new trial. *Moses* v. *State,* 123 *Ga.* 504 (51 S. E. 503), and cit. Where an indictment is on its face fatally defective, "advantage of such a defect must be taken by demurrer before pleading to the merits, or by motion in arrest of judgment after verdict." *Boswell* v. *State,* 114 *Ga.* 40 (2) (39 S. E. 897).

Upon the trial the undisputed evidence showed that the boy charged with operating the automobile was thirteen years old, and that, on the day and highway charged in the indictment, he was driving an automobile owned by his father and mother; that his mother (the defendant) was riding in the car and that his father was not present. Under these circumstances the presumption arose (and there was no evidence, direct or circumstantial, to rebut it) that the defendant (the mother) knew that her son (the driver of the automobile) was under the age of sixteen years, and that he was operating the automobile with her knowledge, consent, and approval. It follows that she was present at the commission of her son's offense and that she was aiding and abetting in it, and her conviction as a principal therein (all persons aiding and abetting in the commission of a misdemeanor being principals therein) was demanded. The refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*