DECIDED APRIL 14, 1931.

*Carlisle Cobb,* for plaintiff in error.
*Henry H. West, solicitor-general,* contra.

### 21241. SMITH *v.* THE STATE.

BLOODWORTH, J. 1. A ground of a motion for a new trial is not sufficient to raise any question for determination by this court, which merely alleges that a charge was (*a*) "confusing," (*b*) "misleading to the jury, and incorrectly presented the issues," (*d*) "was an erroneous statement of the law." The ground itself does not show in what respect it was "confusing" and was "misleading to the jury and incorrectly presented the issues," and "was an erroneous statement of the law." *Wade* v. *Eason,* 31 *Ga. App.* 256 (120 S. E. 440). The further allegation of error (*c*) in this ground does not show under what section of the code the indictment was drawn, and is not complete and understandable within itself. *Tice Co.* v. *Evans,* 32 *Ga. App.* 387 (16) (123 S. E. 742); *Trammell* v. *Shirley,* 38 *Ga. App.* 715 (145 S. E. 486).

2. The ground of the motion for a new trial numbered 5 alleges that an excerpt from a charge quoted therein is erroneous, because "it was argumentative and was an expression of opinion by the judge, and affirmatively stated that facts had been established on which he [the defendant] could be convicted." These allegations of error are too gen-

eral, and are not sufficient to raise any question for determination by this court. *Wade* v. *Eason*, supra. It is not shown wherein the charge given was argumentative, or that the judge expressed or intimated "his opinion as to what has or has not been proved or as to the guilt of the accused." Penal Code, § 1058. It is not stated what facts the judge affirmatively stated had been established on which the accused could be convicted. *Seaboard Air-Line Ry.* v. *Randolph*, 136 *Ga.* 505 (5) (71 S. E. 887); *Tarver* v. *Deppen*, 132 *Ga.* 798 (4) (65 S. E. 177, 24 L. R. A. (N. S.) 1161); *Riddle* v. *Sheppard*, 119 *Ga.* 930 (3) (47 S. E. 201).

3. In this case there' was no demurrer, but ground 6 of the motion for a new trial seeks to raise the question of the sufficiency of the indictment. The appellate courts of this State have repeatedly held that the sufficiency of an indictment can not be attacked in a motion for a new trial. *Womble* v. *State*, 107 *Ga.* 666, 667 (33 S. E. 630); *Reeves* v. *State*, 38 *Ga. App.* 86 (43 S. E. 462).

4. The evidence supports the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 14, 1931.

*Sydney H. Baynes,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.