### 27627. COBB v. THE STATE.

BROYLES, C. J. 1. On the trial of one indicted for murder, a verdict finding the accused guilty of voluntary manslaughter is authorized where, from the evidence or from the defendant's statement to the jury, there is *anything deducible* which would *tend* to show that he was guilty of voluntary manslaughter, or which would be sufficient to raise a *doubt* as to whether the homicide was murder or voluntary manslaughter. *Reeves* v. *State*, 22 *Ga. App.* 628 (97 S. E. 115); *May* v. *State*, 24 *Ga. App.* 379, 382 (100 S. E. 797). It is also well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited. *Brown* v. *State*, 10 *Ga. App.* 50, 54 (72 S. E. 537); *May* v. *State*, supra.

2. In the instant case the accused was indicted for murder and convicted of voluntary manslaughter. The evidence for the State (the defendant introduced none) demanded a verdict of murder, while portions of the defendant's statement to the jury authorized the verdict returned. Accordingly, under the ruling in the preceding note, the finding of the jury was authorized, and the general grounds of the motion for new trial are without merit.

3. The special grounds of the motion (complaining of the exclusion of certain testimony) show no cause for reversal of the judgment, since, under the facts of the case and the law pertinent thereto, the admission of that testimony would not have benefited the accused, because, with such testimony included, the evidence would still have demanded a verdict for the offense of murder; and the inclusion of the rejected testimony would not have affected the defendant's statement which authorized the verdict returned. The accused should be amply satisfied with the leniency of the jury.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED JUNE 2, 1939.

*Hugh R. Kimbrough, Leon S. Tomlinson,* for plaintiff in error.
*W. H. Lanier,* solicitor-general, *D. C. Jones,* contra.