## TILLER *v.* THE STATE.

DUCKWORTH, Justice. 1. The evidence authorized the verdict finding the defendant guilty of the offense of murder, with recommendation of mercy, and the court did not err in overruling the general grounds of the motion for new trial.

2. Special grounds 1, 2, and 3 of the motion are but elaborations of the general grounds, and are without merit.

3. One ground assigns error on the admission in evidence of testimony of a witness for the State, that the defendant stated to him, shortly after the homicide: "I sent for the law. I wanted to kill that negro over yonder before the law gets me, and I will be satisfied. . . 'Old Frye,' " (one other than the deceased), the objection being that it was prejudicial because it put the defendant's character in evidence. However, the record shows that the objection made at the time the testimony was offered was that it was irrelevant, and the ground is without merit for the reason that the testimony was admissible to show the state of mind and intentions of the defendant toward the deceased whom, as stated to the witness shortly theretofore, he had killed (cf. *Carter* v. *State*, 15 *Ga. App.* 343, 83 S. E. 153), and the fact that such testimony incidentally put the defendant's character in issue would not render it inadmissible. *Smith* v. *State*, 148 *Ga.* 467 (2) (96 S. E. 1042).

4. The court did not err in excluding an answer of a witness to the effect that he had told the deceased before his death, and while being taken to a hospital after being shot by the defendant, that if he had taken the advice of the witness "this thing would not have happened," as such answer would have been only a mere conclusion and without probative value. *Central Georgia Transmission Co.* v. *Storer*, 17 *Ga. App.* 55 (6) (85 S. E. 498); *National Pencil Co.* v. *Pinkertons Agency*, 19 *Ga. App.* 429 (3) (91 S. E. 432).

5. Code § 38-305, relating to res gestæ, concerns merely the admissibility of evidence, which is a question for the court, the weight to be given which is for the jury. In the absence of a special request to charge, it is not error for the court to fail to instruct the jury on the subject. *Cain* v. *State*, 41 *Ga. App.* 333, 340 (153 S. E. 79).

6. One ground of the motion assigns error on failure of the court to charge to the jury the contention of the defendant, which it is urged was presented by the evidence and his statement, that he shot the deceased in self-defense and under the fears of a reasonable man. This ground is without merit, inasmuch as the record shows that the court charged: "The defendant in this case has made a statement in which he tells you that he shot the deceased McCannon to save his own life. The circumstances surrounding him at the time he shot you must gather from the testimony and the defendant's statement." And then the court charged fully on the law of justifiable homicide.

7. Three grounds, similar in nature, complain in effect that the court, while charging generally on the law of malice and justifiable homicide, should have charged more specifically in certain respects pointed out. In the absence of a special request for a charge as desired, the charge

as given was sufficient. *Spikes* v. *State*, 183 *Ga.* 279 (188 S. E. 454). In such circumstances the court did not err in failing to charge Code § 26-1017, which provides: "The homicide appearing to be justifiable, the person indicted shall, upon the trial, be fully acquitted and discharged." *Hall* v. *State*, 177 *Ga.* 794 (4), 801 (171 S. E. 274).

8. The court did not err, without a written request to charge, in omitting to tell the jury, while charging the law of voluntary manslaughter, that they should consider the question of "cooling time," and that they were the, exclusive judges thereof; the charge not showing that the court undertook to limit the jury's function in this respect. *Nunn* v. *State*, 143 *Ga.* 451 (4), 454 (85 S. E. 346); *Webb* v. *State*, 8 *Ga. App.* 430 (2) (69 S. E. 601).

9. The court did not err, in the absence of a special request to charge, in omitting to instruct the jury as to the credibility of witnesses. *Benton* v. *State*, 185 *Ga.* 254 (6), 257 (194 S. E. 166), and cit.

10. There being no evidence that would authorize a charge on involuntary manslaughter, the court did not err in omitting such charge; and if the statement of the defendant injected such theory, it was not error, in the absence of a special request, to fail to instruct the jury accordingly. *Hill* v. *State*, 169 *Ga.* 455 (5) (150 S. E. 587). See *Mattox* v. *State*, 181 *Ga.* 361 (3) (182 S. E. 11).

11. The court did not err, for any reason assigned, in charging the jury: "And in this case the defendant has made a statement. Now it is for you to determine what weight and credit you will give it and what weight and cerdit it deserves. I charge you, you may believe it in whole or you may believe it in part. You may believe some portions of it and disbelieve other portions of it, or you may believe it in preference to the sworn testimony in this case." *Coggeshall* v. *State*, 161 *Ga.* 259, 265 (4) (131 S. E. 57); *Reed* v. *State*, 168 *Ga.* 731 (9), 732 (149 S. E. 23); *Cobb* v. *State*, 60 *Ga. App.* 194 (3 S. E. 2d, 212).

12. One ground of the motion for new trial quotes a purported excerpt of the charge of the court as to justifiable homicide, and it is insisted that by stating that if the jury believed the defendant "did shoot and wound the person named in the indictment as charged" (murder being charged), and that the killing "was done to repel a like or a similar assault or under circumstances that a like or similar assault was about to be committed on the person of the defendant," etc., the defendant's acquittal could not result if the killing was done to repel a felony of a less grade than murder. The record shows, however, that the charge was not so limited, and that the court stated "but that it [the killing] was done to repel a like or a similar assault or under circumstances that a *felony*, like or similar assault, was about to be committed on the person of the defendant," etc. (Italics ours.) The charge as given was not error.

13. Error is assigned on a portion of the charge as to the burden of proof, in which the court stated that the law presumes every homicide, when proved in the manner named and charged in the indictment, to be malicious, and that "When the defendant admits the killing, the law puts upon him the burden of satisfying the jury that he was justified under some rule of law, unless the admission, together with the evi-

dence or the statement of the defendant. shows excuse, justification, or mitigation." The. charge was not error for the assigned reason that it was inapplicable, confusing, and misleading, or that it erroneously stated the conditions under which the burden shifted to the defendant when the killing was shown to have been done by him. Nor, in· the absence of a special request to charge, did the court err in omitting to state to· the jury, in connection with such· excerpt, what quantum of evidence the State was obliged to produce, or in failing to state the standard of the burden of proof. The statement, "When the defendant admits the killing, the law puts upon him the burden of satisfying the jury that he was justified under some rule of law, unless the admission, together with the evidence or the statement of the defendant shows excuse, justification, or mitigation," was a correct and applicable principle of law. *Gay* v. *State*, 173 *Ga.* 793. (2) (161 S. E. 603).

14. The ground complaining that a portion of the charge of the court mingled the law of justifiable homicide under the doctrine of reasonable fears with the law of voluntary manslaughter is without merit. *Frazier* v. *State*, 194 *Ga.* 657 (22 S. E. 2d, 404). See *Worley* v. *State*, 21 *Ga. App.* 787 (4) (95 S. E. 304); *Cargile* v. *State*, 137 *Ga.* 775 (4) (74 S. E. 621). *Judgment affirmed. All the Justices concur.*

No. 14604. September 10, 1943.

*E. P. Shull, A. S. Skelton,* and *Thomas J. Shackelford,* for plaintiff in error. *T. Grady Head, attorney-general, R. Howard Gordon, solicitor-general, Hamilton McWhorter,. W. W. Armistead,* and *L. C.· Groves, assistant attorney-general,* contra.