## 30063.   ALBERT *v.* THE STATE.

DECIDED OCTOBER 8, 1943.

*William A. Ingram,* for plaintiff in error.
*J. H. Paschall, solicitor-general,* contra.

MACINTYRE, J.   Addie Mae Albert was charged with murder, and was convicted of voluntary manslaughter; and her punishment was fixed by the verdict at imprisonment for five years. Her motion for new trial was overruled, and she excepted.

Taking the view of the evidence most favorable to upholding the verdict, which we do in passing on a motion for new trial, it shows, in effect, that the defendant had been riding all over the country with the deceased, and on one occasion left the car and went with him into a house to visit one of his friends. A witness for the State testified, that the deceased took the defendant by the hand and pulled her out of the car, and asked her to walk up the road with him; that "after they went out there, five or ten minutes, I heard the lick and heard her holler; as to what sort of lick I

heard, well, a lick about something like somebody hit with your fist;" that shortly thereafter the deceased came running by with the defendant close behind, and fell to his knees in front of the car; and that the defendant said, "Come on and carry him to the doctor; I had to cut Sonny." In her statement the defendant said that the deceased struck her with his fist and knocked her down, and got on top of her and was choking her, and that she had to cut him to prevent him from raping her. Roland, a witness for the State, testified that she heard the defendant say, several hours' before the killing occurred, that she was going to kill the deceased and herself.

The rule is, that in a prosecution for murder a verdict finding the accused guilty of voluntary manslaughter is authorized where, from the evidence or from the defendant's statement, anything is deducible which would tend to show that he was guilty of voluntary manslaughter, or which would be sufficient to raise a doubt as to whether the homicide was murder or voluntary manslaughter (*Cobb* v. *State*, 60 *Ga. App.* 194, 3 S. E. 2d, 212); and that the jury is authorized to disbelieve the defendant's statement in part or in whole. Under the evidence and her statement in this case, the jury were authorized to find that she stabbed and killed the deceased, not to save her own life or to prevent the commission of a felony (rape) upon her, but in hot blood engendered by his striking her with his fist. *Henry* v. *State,* 56 *Ga. App.* 384 (192 S. E. 636).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*