## 30409.   JONES v. THE STATE.

DECIDED MAY 5, 1944.

*A. L. Miller, Lee Miller,* for plaintiff in error.
*Maston O'Neal, solicitor-general,* contra.

MacINTYRE, J.   On Sunday morning, June 13, 1943, John A. Hayes and a group of other men, among whom were some of the defendant's sons, were gathered in a room in the defendant's home drinking beer from a barrel and listening to some of the group play or pick a guitar.   Viewing the evidence in the most favorable light to uphold the verdict of voluntary manslaughter, the jury were authorized to find from one phase of the evidence that one Jessie Redditt and a brother of Hayes began a tussle that soon developed into a fight; that Hayes pulled Redditt off of his brother; that at this time the defendant came into the room and tried to stop the fight; that Hayes "whirled off of Jessie onto [the defendant]," and

knocked him down twice; that Hayes was then prevailed upon to leave the house, and started toward his home, but when he reached the gate, he picked up what some of the witnesses called a "rock" (others called it a "brick-bat") and drew it on "Sut" Williams; that the defendant saw this and went into the house, got his gun, and came out on the porch (the porch was ten or twelve feet from the gate); that Hayes then turned and advanced upon the defendant with the rock in his hand, and when he reached the second step, leading up to the porch, where the defendant was standing with his gun, the defendant shot and killed him. Some of the witnesses testified that the "rock" or "half-brick" was a dangerous weapon and that they could kill a map with it.

Under the Code, § 26-1007, in order to reduce a homicide from murder to manslaughter, the killing must be the result of a sudden heat of passion aroused by one of three conditions, to wit: "[1] If the deceased made an actual assault upon the accused; or [2] if the deceased attempted to commit a serious personal injury on the accused; or [3] when there are other *equivalent circumstances* to justify the excitement of passion." (Brackets ours.) *Ragland* v. *State,* 111 *Ga.* 211, 214 (36 S. E. 682). "The passion must be aroused by a just cause, such as would produce the same state of mind on the part of the slayer as would an unjustifiable assault, or attempt to commit a serious personal injury, upon him." *Gamble* v. *State,* 58 *Ga. App.* 637 (2) (199 S. E. 662). "On the trial of one indicted for murder, a verdict finding the accused guilty of voluntary manslaughter is authorized where, from the evidence or from the defendant's statement to the jury, there is *anything deducible* which would *tend* to show that he was guilty of voluntary manslaughter, or which would be sufficient to raise a *doubt* as to whether the homicide was murder or voluntary manslaughter. *Reeves* v. *State,* 22 *Ga. App.* 628 (97 S. E. 115); *May* v. *State,* 24 *Ga. App.* 379, 382 (100 S. E. 797). It is also well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited. *Brown* v. *State,* 10 *Ga. App.* 50, 54 (72 S. E. 537); *May* v. *State,* supra." *Cobb* v. *State,* 60 *Ga. App.* 194 (3 S. E. 2d, 212). Applying these rules to the evidence and the defendant's statement, the jury were authorized to

58

find that the defendant shot the deceased—not to save his own life or to prevent the commission of a felony upon him—but in hot blood engendered by the fracas which started in a room of the defendant's house, where the deceased struck the defendant with his fist, and culminated a few minutes later on the porch of the same house, while the deceased, with a rock in his hand, was advancing upon him. If they so found, the verdict of voluntary manslaughter, as returned by them, was warranted. *Albert* v. *State,* 70 *Ga. App.* 39 (27 S. E. 2d, 249); *Henry* v. *State,* 56 *Ga. App.* 384 (192 S. E. 636); *Jenkins* v. *State,* 123 *Ga.* 523, 526 (51 S. E. 598); *Gresham* v. *State,* 70 *Ga. App.* 80 (27 S. E. 2d, 463); *Goldsmith* v. *State,* 54 *Ga. App.* 268, 271 (187 S. E. 694); *Williams* v. *State,* 125 *Ga.* 302, 304 (54 S. E. 108).

The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*