## 32400. WILCOX *v.* THE STATE.

Decided April 21, 1949.

*Philip Newbern,* for plaintiff in error.

*J. Bowie Gray, Solicitor-General,* contra.

MacIntyre, P. J. Frankie Lois Wilcox was indicted for murder, tried in the Superior Court of Irwin County, found guilty of voluntary manslaughter, and sentenced to from two to three years.

■ The defendant excepted to the following excerpt from the charge of the court to the jury, upon the ground that the charge restricted the determination of the jury to the evidence, so as to exclude their consideration of the defendant's statement: "The defendant in this case has contended before the jury that, on the occasion under investigation, a felony was then and there committed upon her person by the deceased and that the infliction of the wound was necessary, the taking of the life of the deceased was necessary to protect herself against the alleged commission of a felony upon her person. The court charges you, if you are satisfied from a consideration of the evidence, that such contention has been established, that is, that it was necessary under the conditions for the defendant to defend herself by the using of the deadly weapon and take the life of the deceased, why then it would be your duty to find her not guilty."

It is proper for the court to shape the general tenor of its charge upon the evidence adduced, adding to this at some proper stage the statutory provision touching the statement of the defendant. *Booker* v. *State,* 183 *Ga.* 822 (5) (190 S. E. 356), and cit. The court did so and charged generally the provisions of Code § 38-415 relative to the right of the defendant to make a

152

statement to the jury, and twice called the attention of the jury to the fact that they should, of course, consider the statement of the defendant, viewing it in the light of the special statute (Code, § 38-415); and in concluding its charge, omitting the instructions as to the form of the verdict, the court stated: "I have already instructed you as to the defendant's right to make a statement in the case and the weight to be given such statement. The defendant in this case made a statement, such statement as she saw fit to make in her own defense, and you will, of course, consider it in the light of that rule of law, which I have given you in charge." It follows that special ground 1 is not meritorious.

■ As to the following excerpt from the charge of the court, the defendant contends that this was erroneous, in that under such charge the jury was authorized but not required to find the defendant not guilty: "If you believe under all of the circumstances in the case, that the defendant in the case had good reason to believe that her life was about to be taken or that a felony was about to be committed on her person, and that she struck the blow, which killed the deceased, in good faith believing that it was necessary to prevent the commission of a felony upon her person, or the taking of her life, then you would be authorized to find her not guilty." In Black's Law Dictionary. (3rd ed.), p. 172, it is stated: " 'authorized' is sometimes construed as equivalent to . . 'directed' . . or to similar mandatory language." Considering this excerpt from the charge in connection with its context and in connection with other portions of the charge, we think that it is clear that the word "authorized" as charged was used to avoid tautology and used in the sense that the jury was required to find the defendant not guilty or that the law imposed on the jury the duty to find the defendant not guilty under the circumstances stated in this excerpt, if the circumstances were proved. *Turner* v. *State*, 70 *Ga.* 765, 766 (5a). Special ground 2 of the amended motion for a new trial is, therefore, without merit.

■ Under one phase of the evidence and the defendant's statement, the jury was authorized to find that there was no actual or apparent necessity for the defendant to save her life or to prevent the commission of a felony upon her person, and that she stabbed

and killed the deceased, with a "switch-blade knife about three or four inches from the jaws out," in hot blood engendered by the deceased's having struck the defendant with his fist or by his having slapped her. The defendant's statement to the jury was: "Well, I asked him for some money and he told me that I told his boss man not to give him none. I asked him, did he want part of what I had and he said he didn't want nothing but my life." It follows that the jury was authorized to find against the defense of justifiable homicide and to return a verdict of voluntary manslaughter. *Albert* v. *State,* 70 *Ga. App.* 39 (27 S. E. 2d, 249); *Watkins* v. *State,* 76 *Ga. App.* 877 (47 S. E. 2d, 602).

The court did not err in overruling the motion for a new trial. *Judgment affirmed. Gardner and Townsend, JJ., concur.*