35830. NEESMITH *v.* THE STATE.

DECIDED SEPTEMBER 28, 1955.

638

*J. Ellis Pope, Jackson & Graham,* for plaintiff in error.

*W. H. Lanier, Solicitor-General, Wm. J. Sharpe,* contra.

GARDNER, P. J. ■ The evidence is sufficient to sustain the verdict.

■ Special ground 1 assigns error on the following excerpt from the charge of the court: "Manslaughter is the unlawful killing of a human creature without malice, either expressed or implied, and without any mixture of deliberation whatever which may be voluntary upon a sudden heat of passion, or involuntary in the commission of an unlawful act or lawful act without due caution and circumspection. In all cases of voluntary manslaughter there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing or other equivalent circumstances to justify the excitement of passion and to exclude all idea of deliberation or malice either expressed or implied. Provocation by words, threats, menaces or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder. The killing must be the result of that sudden violent impulse of passion supposed to be irresistible, for if there should have been an interval between the assault or provocation given

and the homicide, of which the jury in all cases shall be the judges, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge and be punished as murder. In other words, voluntary manslaughter is the intentional killing of a human being, or the killing of a human being by the use of a weapon that as used is likely to kill, but a killing under circumstances to justify the excitement of passion and to exclude all idea of deliberation or malice either expressed or implied."

Error is assigned on this excerpt because, as contended by the defendant, there was no evidence to authorize the charge of voluntary manslaughter. We have set out the evidence and the statement of the defendant in detail, and from such we conclude that the evidence authorized the charge of voluntary manslaughter. It is a well-settled principle of law that a jury is authorized to believe the defendant's statement in whole or in part. In reaching the verdict returned they could have believed, from the statement of the defendant, that the deceased made an assault upon the defendant; and, on the other hand, they could have disbelieved that part of the defendant's statement wherein he claimed that the deceased cut him with a knife. The jury were justified in refusing the latter part of the statement because the defendant showed no cuts or scars, did not mention any cuts when he told a relative of the deceased that he shot the deceased "uncalled for." If there is anything deducible from the defendant's statement tending to show that he is guilty of voluntary manslaughter, or sufficient to raise a doubt as to whether or not the homicide is voluntary manslaughter or murder, a charge on the law of voluntary manslaughter is required and a conviction of that offense is authorized. See *Albert* v. *State*, 70 *Ga. App.* 39 (27 S. E. 2d 249) and *Watkins* v. *State*, 76 *Ga. App.* 877 (47 S. E. 2d 602). Counsel for the defendant call our attention to numerous decisions in support of the contention, as follows: *Branch* v. *State*, 5 *Ga. App.* 651 (1) (63 S. E. 714); *Rivers* v. *State*, 24 *Ga. App.* 365 (100 S. E. 796); *Dyal* v. *State*, 97 *Ga.* 428 (25 S. E. 319); *McBeth* v. *State*, 122 *Ga.* 737 (50 S. E. 931); and *James* v. *State*, 123 *Ga.* 548 (1) (51 S. E. 577). This principle of law is correct, as set forth in the cases cited, but the difficulty involved in following this contention is that, as we construe the evidence, the evidence authorized a

verdict of voluntary manslaughter. There is no merit in this contention.

■ Special ground 2 assigns error because the court charged as follows: "Provocation by words, threats, menaces, or contemptous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder." It is contended that this charge should have been qualified by a charge that a killing may be justified if the circumstances were such as to induce reasonable fears in the mind of the defendant that he was in danger of losing his life or of having a felony committed upon him; that the case sets forth the defense of justifiable homicide—self-defense—but that the failure of the court to qualify the charge was error harmful to the defendant, so as to demand a reversal of the case. There is no merit in this contention.

■ Special ground 3 assigns error as follows: "On a prosecution for murder or manslaughter, the accused would not be relieved of responsibility of the death of the deceased, though you may find the wounded person may have died from some intervening cause provided the wound inflicted by the accused, if the wound was inflicted by the accused, really contributed to the death of the deceased, and but for said wound the deceased would not have died." Counsel admits that the charge was correct as an abstract principle of law, to which we agree. We might state in this connection that, as related above, the jury were authorized to believe the defendant's statement in whole or in part. There is one fact, in connection with this ground and with the whole case, which distinguished counsel fails apparently to consider. This principle is that, in a case of homicide when the State proves that the killing was done by the defendant, this makes out a prima facie case of illegal homicide, and the burden shifts to the defendant to show that he was justified in the killing. Under the evidence, there can be no doubt that the State proved that the defendant killed the deceased. Thus the State made out a prima facie case that the killing was unlawful, and the burden shifted to the defendant to prove that he was justified in taking the life of the deceased. We do not mean to say that the ultimate burden upon the State was changed by proof of the killing. However, the law is that the State must prove ultimately that the killing was done with express or implied malice, and if the evidence of the State in proving

the killing reveals that, along with the killing, there were mitigating circumstances, then the prima facie case is not made out by the State. Under the evidence in this case, there were no circumstances revealed either in the evidence or the defendant's statement, properly construed, that the defendant was justified in taking the life of the deceased. It therefore follows that when the State proved the killing, the burden of procedure shifted to the defendant to show that he was justified. He introduced no evidence along this line, and depended entirely upon his statement to prove that he was justified in the killing. We will state here that Dr. Conner testified positively that he first operated on the deceased and found that there were five or six penetrations of the intestines of the deceased, and that the adhesions caused by the gunshot wounds were the cause of the locking of the bowels, and that Dr. Conner sent the deceased to Savannah, Georgia, for treatment by Dr. Quattlebaum. Dr. Quattlebaum was not introduced as a witness. The record does not disclose why he was not introduced or whether or not he was available. Counsel for the defendant places much stress upon the cross-examination of Dr. Conner, to the effect that he did not know whether or not the bowels of the deceased were locked as a result of the gunshot wound. When the State proved the homicide by the defendant (the defendant in his statement admitted the killing), the burden of procedure shifted to the defendant. It was then up to him to overcome the prima facie case of the unlawful killing which the State made and prove his justification of the homicide. If he desired Dr. Quattlebaum or any other doctors to testify, it was up to him to produce such evidence as would show his justification. The purposes of the law for obtaining witnesses are equally as potent as to the defendant as to the State. As to the principle of the burden shifting to the defendant after the homicide is proved, see *Bell* v. *State*, 69 *Ga.* 752 (2a), wherein the Supreme Court said: "After charging the law of murder and the different degrees of manslaughter, and stating the presumption in favor of the defendant, there was no error in charging that such presumption might be removed by proof of the fact of the killing as charged in the indictment, and the onus be shifted to the defendant to show that it was justified, or constituted a less offense than murder, that being the crime charged in the indictment."

The court did not err in denying the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*